UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BRADLEY R. BISBEE,               )
                                 )
        Plaintiff                )
                                 )
v.                               )        No. 2:13-cv-95-GZS
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social Security, )
                                 )
        Defendant                )

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge wrongly evaluated his credibility, abused his discretion by limiting the plaintiff's representative's questioning of him and a witness and by directing the plaintiff to attend a second post-hearing consultative examination, failed to evaluate properly the opinions of his treating sources, and gave improper weight to the opinion of a state-agency reviewing physician. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st

---

[1] This action is properly brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), as amended January 1, 2013, which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 11, 2013, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.
.

1

Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc disease of the lumbar spine, fibromyalgia, an affective disorder, and an anxiety-related disorder, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Finding 3-4, Record at 13-14; that he had the residual functional capacity ("RFC") to perform light work, except that he could occasionally climb, balance, stoop, kneel, crouch, and crawl, could understand, remember and carry out simple instructions, could use judgment in making simple work-related decision, could respond appropriately to usual work situations not involving the public, and could adapt to changes in the ordinary work setting, Finding 5, *id.* at 17; that he was unable to perform any past relevant work, Finding 6, *id.* at 22; that, given his age (36 on the amended alleged disability onset date, October 8, 2008), at least a high school education, work experience, and RFC, using the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making led to a conclusion that there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id.* at 22-23; and that, therefore, he had not been under a disability, as that term is defined in the Social Security Act, from October 8, 2008, the amended alleged onset date, through the date of the decision, January 19, 2012, *id.* at 23-24. The Appeals Council declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner. 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the

determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Consultative Examination

The administrative law judge stated that

> the [plaintiff's] failure to attend a scheduled consultative examination further discredits his testimony. The [plaintiff] argued that this consultative examination was an imposition where it was unreasonable and unnecessary (Exhibit 31E, p.1). However, the undersigned notes that the consultative examination would have provided a retrospective opinion, something frequently sought and offered, to resolve conflicting opinions. The [plaintiff's] failure to attend his consultative examinations [sic], without good cause, is puzzling; but at a minimum, he consents implicitly to a complete rescind [sic] of his claim and any further testimony is cumulative (20 CFR 404.1518 and 416.918).

Record at 18.

There are two letters to the administrative law judge from the attorney who represented the plaintiff, dated August 10, 2011, and December 6, 2011. The first stated that "there is no justification for yet a second post hearing consultative evaluation," the evaluation was "unnecessary," and the plaintiff would not attend the examination scheduled for August 15,

3

2011. Record at 499-500. The second stated that the attorney had objected to the scheduled examination "because the Claimant's record already contains three medical opinions: two from treating sources . . . and one, scheduled by DDS at your direction, from [a] consultative examiner[.]" *Id*. at 502.

The regulations cited by the administrative law judge both provide that "[i]f you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination . . . which we arrange for you to get information we need to determine your disability . . . , we may find that you are not disabled[.]" 20 C.F.R. §§ 404.1518(a), 416.918(a). The regulations give examples of good reasons for failing to attend a consultative examination: illness of the claimant; lack of timely notice of the scheduled examination; being furnished incorrect or incomplete information about the physician involved or the time or place of the examination; the occurrence of death or serious illness in the claimant's immediate family. *Id.* 404.1518(b); 416.918(b). The plaintiff proffered no such reason for his refusal to attend the scheduled consultative examination.

The administrative law judge found that the plaintiff gave no good reason for his failure to attend the consultative examination at his attorney's direction. Record at 18. However, he used this failure only as a factor discrediting the plaintiff's testimony. *Id*. He did not deny the plaintiff's claim for benefits on this basis, although he could have done so.

The commissioner, nonetheless, asks this court to "summarily uphold the other portions of the ALJ's decision." Defendant's Opposition to Plaintiff's Itemized Statement of Specific Errors ("Opposition") (ECF No. 23) at 7. Taking this request as one to uphold the commissioner's decision solely on the basis of the plaintiff's defiance of the administrative law judge's decision to schedule a consultative examination, when that ground was not invoked by

4

the administrative law judge, my research indicates that courts have differed on this issue. Thus, in *Muhl v. Commissioner, Soc. Sec. Admin.*, Civil No. SAG-11-967, 2012 WL 5986961, at *1 (D. Md. Nov. 28, 2012), the court held as follows:

> Even had the ALJ erred in his substantive analysis, the Commissioner would be within his rights to deny benefits to Mr. Muhl because he failed to attend two scheduled consultative examinations. The regulations clearly establish that "[i]f you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you . . . we may find that you are not disabled." 20 C.F.R. §§ 404.1518, 416.918. The ALJ noted Mr. Muhl's failure to attend the examinations, but did not cite that failure as a reason for denying benefits to Mr. Muhl. Although the sufficiency of the ALJ's substantive reasoning is addressed below, any error committed by the ALJ would be harmless, because the failure to attend two consultative examinations constitutes an additional valid reason to uphold the Commissioner's denial of Mr. Muhl's claim.

*Id*. (citation omitted). *Accord, Carpenter v. Astrue*, No. C 09-01409 JSW, 2010 WL 841281, at *4 (N.D. Cal. Mar. 10, 2010) (in case where ALJ made substantive findings, claimant's failure to attend consultative examination because she believed that relevant information was already in record was independent basis to deny benefits). *But see Irizarry v. Astrue*, No. 5:09-cv-1370 (GLS/DRH), 2012 WL 177969, at *2 (N.D.N.Y. Jan. 23, 2012) (failure to attend consultative examination "not dispositive").

As a general matter, I would find it difficult to affirm the commissioner's decision on a basis not actually adopted by the administrative law judge, as the commissioner appears to request in this case. *See SEC v. Chenery Corp*., 332 U.S. 194, (1947) (reviewing court cannot affirm agency decision on basis of *post hoc* rationalization but must affirm on basis of rational actually articulated by agency decision-maker). However, "an exception to the *Chenery* rule exists when a remand will amount to no more than an empty exercise because, for example, application of the correct legal standard could lead to only one conclusion." *Day v. Astrue*, No.

1:12-cv-141-DBH, 2012 WL 6913439, at *10 (D. Me. Dec. 30, 2012); *Robinson v. Astrue*, Civil No. 09-629-B-W, 2010 WL 4365755, at *4-*5 (D. Me. Oct. 27, 2010). That exception is applicable in this case.

An instructive opinion under very similar factual circumstances is provided by the court in *Atyemizian v. Astrue*, No. CV 09-4194-PLA, 2010 WL 1848159 (C.D. Cal. May 3, 2010). In that case, the plaintiff failed to attend a consultative psychological examination, after which his attorney informed the administrative law judge that "we would again insist that such an examination was not warranted in the first place, in light of the thorough and detailed report of Dr. Lev[i]'s examination that was forward to your Honor . . ., which further corroborated the psychological test results [found by Dr. Wendell.] *Id.* at *4-*5. The attorney argued that the consultative examination was not warranted because the record "is clear, consistent, unambiguous and sufficient with regard to [plaintiff's] mental functioning[.]" *Id.*

The administrative law judge concluded that the plaintiff had failed to provide the good reason required by 20 C.F.R. § 404.1518 for his failure to attend the examination. *Id.* at *5. He denied the claim on this basis. *Id.* The court held that the administrative law judge had applied the correct legal standard and observed that "[w]hether the record evidence was sufficiently developed to make a disability determination was a matter to be decided by the ALJ, not by plaintiff." *Id.* at *5-*6. The court upheld the denial. *Id.* at *6 (citing cases).

The commissioner's decision could be affirmed on this basis. However, because counsel for the commissioner retreated from this position at oral argument, and because the administrative law judge went on to reach a decision at Step 5, I will address the plaintiff's other arguments.

## B. Credibility

The plaintiff contends that the administrative law judge drew unreasonable inferences about his credibility and that his credibility finding is not supported by substantial evidence. Plaintiff's Amended Statement of Errors ("Itemized Statement") (ECF No. 20) at 4-10. His first specific argument is that the administrative law judge's "erroneous belief that the Plaintiff worked after the amended alleged onset date tainted his RFC findings." *Id*. at 5-7. This argument is made under the heading of the plaintiff's challenge to the credibility finding.

The administrative law judge said the following about the plaintiff's credibility, immediately prior to the language quoted above regarding the plaintiff's failure to attend a consultative examination discrediting his testimony:

> After careful consideration of the evidence, the undersigned finds that the [plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> The medical evidence of record reveals the [plaintiff's] long-standing history of chronic lower back pain despite surgical intervention and diagnoses for osteoarthritis and fibromyalgia. However, despite his consistent complaints of severe and incapacitating pain (often noted as a 9 out of 10), his level of activity, including functional activities of daily living and reports of work activity well after his amended alleged onset date, tend to erode his credibility with respect to the alleged intensity and limiting effects of this pain.
>
> Furthermore, it should be noted that treatment records *prior* to his alleged onset date generally reflect *the same* subjective pain intensity *after* his amended alleged onset date (Exhibits 4F, 8F, 9F, 13F, 23F). Nevertheless, during the period leading up to his amended alleged onset date, he continued to perform substantial and gainful work activity (Exhibits 5D, 11D, 4F, 7F, 12F, 13F, 19F, 23F). Moreover, and as discussed in detail below, the medical evidence of record, including imaging studies and exam findings *prior* to his alleged onset date, are generally consistent with those *after* his alleged onset date.

Record at 18 (emphasis in original).

This discussion demonstrates that the administrative judge did not "decide [this claim against the plaintiff] because [he] believed that the Plaintiff had worked after his amended alleged onset date." Itemized Statement at 5. The plaintiff's work history is only one of several factors listed by the administrative law judge as a reason to discount the plaintiff's credibility. Indeed, the administrative law judge specifically found that the plaintiff had *not* engaged in substantial gainful activity since the amended alleged onset date. Record at 12.

At least two medical care providers recorded that the plaintiff told them, after the amended alleged onset date, that he was working. Record at 971, 992. One of these providers, Dr. Stone, later "corrected" his records on this point, at the plaintiff's request. *Id*. at 1066. Ms. Bosinke's record has not been changed.[2] The administrative law judge rejected Dr. Stone's letter of correction because it "provides no reasonable explanation as to how the [plaintiff's] contemporaneous statement were in fact incorrect or the [plaintiff's] efforts to secure a commercial driver's license after the alleged onset of disability." Record at 13. The latter reason refers to a matter not addressed by Dr. Stone's original note. The former reason demands more from a medical provider's records than can reasonably be expected to be entered therein.

Even if the entry in Dr. Stone's record is disregarded, the remaining evidence discussed by the administrative law judge in the excerpt quoted above is more than sufficient to explain his decision to discount the plaintiff's credibility, and it is not sufficient to establish the

---

[2] The plaintiff says, in his itemized statement, that Ms. Bosinke's "confusion" results from his eagerness to work, which led to his application for a job with Almighty Waste, and suggests that it is the application about which he spoke with Ms. Bosinske. Itemized Statement at 6 & n.9. He goes on the say that "approximately 10 days" after he spoke with Ms. Bosinske, he did not pass the physical examination required for that job. "He had the exam with his primary care provider, presumably expecting to pass and be given the job. He did pass but was told by the employer that the position had been filled." *Id*. at 6-7. This factual recitation is not accompanied by any citation to the record. This court will not consider additional factual information provided by a claimant for the first time during the court's consideration of his or her appeal, even had it been sworn. *McHugh v. Astrue,* Civil No. 09-104-BW, 2009 WL 5218059, at *1-*2 (D. Me. Dec. 30, 2009); *see Mills v. Apfel*, 244 F.3d 1, 4-5 (1st Cir. 2001).

administrative law judge's alleged bias against the plaintiff. *See Bickford v. Barnhart*, No. 05-236-P-S, 2006 WL 2822391, at *5 (D. Me. Sept. 29, 2006).

The plaintiff also contends that the administrative law judge wrongly considered his failure to attend a scheduled consultative examination in considering the plaintiff's credibility. Itemized Statement at 7-8. To the contrary, as noted above, such refusals have been used in assessing a claimant's credibility. *See, e.g., Proffitt v. Colvin*, Civil Action No. 7:13CV00179, 2013 WL 6044420, at *4 (W.D. Va. Nov. 14, 2013) (failure to attend scheduled consultative examination "diminishes [claimant's] arguments regarding the evidence which is before the court").

The plaintiff next challenges the administrative law judge's comparison of the objective medical findings in the record dated before the amended alleged date of onset with those dated after the date of onset. Itemized Statement at 8-9. Specifically, he argues that an administrative law judge "is not competent to interpret the significance of the reports or raw medical data included in the medical evidence," citing *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990). *Gordils* merely instructs that an administrative law judge may not translate objective medical findings into an RFC, where such translation requires more than a common-sense judgment. 921 F.2d at 329. What the administrative law judge did here is precisely what Social Security administrative law judges are supposed to do: he compared objective medical findings from one period of time to those from another and found them consistent.

The plaintiff also finds fault with the administrative law judge's "failure" to "address Dr. Stone's limitation for no prolonged sitting or standing greater than one hour or the doctor's observation that 'Brad may be a candidate for disability[.]'" Itemized Statement at 8. In fact, the

administrative law judge noted that Dr. Stone "essentially noted that the [plaintiff] is capable of performing light exertional work with some postural limitations." Record at 18. Limitations on prolonged sitting or standing are postural limitations. As this court has repeatedly stated, an administrative law judge is not required to address individually each and every finding or conclusion of a treating source. *See, e.g., O'Neill-Beal v. Colvin*, No. 1:12-cv-399-GZS, 2013 WL 5941070, at *3 (D. Me. Nov. 5, 2013); *Evans v. Colvin*, No. 1:12-cv-DBH, 2013 WL 1632644, at *3 (D. Me. Mar. 28, 2013). In addition, even if Dr. Stone's speculative remark can reasonably be taken as an opinion that the plaintiff is disabled, that issue is reserved to the commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d).[3]

Also under the heading of credibility, the plaintiff contends that the administrative law judge "failed to recognize the symptoms arising from the severe impairment of fibromyalgia." Itemized Statement at 9-10. Specifically, his argument apparently is that the administrative law judge, having found his fibromyalgia to be a severe impairment, was required to accept his testimony about the degree of pain he suffered. However, *Johnson v. Astrue*, 597 F.3d 409 (1st Cir. 2009), his cited authority, does not impose such a requirement.

The First Circuit said in *Johnson* that

> once the ALJ accepted the diagnosis of fibromyalgia, she also had no choice but to conclude that the claimant suffered from the symptoms usually associated with such condition, unless there was substantial evidence in the record to support a finding that the claimant did not endure a particular symptom or symptoms. The primary symptom of fibromyalgia, of course, is chronic widespread pain[.]

597 F.3d at 414 (citation, internal punctuation and emphasis omitted). In this case, the administrative law judge clearly reviewed the reasons why he concluded that the plaintiff's

---

[3] I note that this report by Dr. Stone, Record at 648-49, was dated more than two years prior to the plaintiff's amended alleged date of onset (April 10, 2006 v. October 8, 2008).

10

widespread pain was not as severe and disabling as the plaintiff described it. Record at 18-19. Nothing more was required.

### C. Abuse of Discretion

The plaintiff contends that the administrative law judge abused his discretion by restricting his representative's questioning of the plaintiff and his wife. Itemized Statement at 10-14. When a claimant argues that an administrative law judge unreasonably curtailed the questioning of witnesses at hearing, the claimant has the burden of demonstrating that the intended testimony would have led a reasonable administrative law judge to reach a different conclusion about the claim. *See Newcomb v. Astrue*, No. 2:11-cv-02-GZS, 2012 WL 47961, at *8 (D. Me. Jan. 6, 2012).

The plaintiff's itemized statement attempts to meet this standard by citing pages of the transcript where his representative "explain[ed] what remaining types of questions he had for the Plaintiff's wife and why they were relevant as well as the types of questions he had for the Plaintiff that had not been covered by the ALJ's questioning." Itemized Statement at 13. There is no suggestion in that explanation of how the responses to the questions that counsel wished to ask the plaintiff and his wife would lead a reasonable administrative law judge to reach a different conclusion about the claim. *See* Record at 60-67, 503. Nothing in the itemized statement or in the cited pages of the hearing transcript provides that information.

The administrative law judge offered to accept affidavits from the plaintiff's wife and from the plaintiff, both of whom had already testified before him in person, setting out whatever additional information their representative wanted to place in the record. *Id*. at 63. The representative declined to submit affidavits, saying that he did not think that an affidavit was a reasonable substitute for live testimony. *Id*. at 64. The itemized statement repeats this assertion,

saying "a written statement about such issues is certainly not an acceptable substitute for live testimony when a claimant asserts his rights to present it." Itemized Statement at 13. No authority is cited in support of this assertion, and I am not aware of any such precept of Social Security law. *See generally Murray v. Astrue*, No. 2:11-cv-386-JAW, 2012 WL 3042966, at *2-*4; *Maloney v. Commissioner of Soc. Sec.*, No. 09-13867, 2010 WL 3941284, at *2-*3 (E.D. Mich. Oct. 6, 2010).[4]

### D. Treating Sources

The plaintiff's final claim on this appeal alleges that the administrative law judge failed to consider properly the opinions of two treating physicians, Raymond Stone, D.O., and John Guernelli, M.D., and wrongly relied on the opinion of a state-agency physician who did not examine him. Itemized Statement at 15-19. He contends that the reports of the treating physicians were entitled to controlling weight under 20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2) because they were "adopted by the post-hearing examining sources." Itemized Statement at 17.[5]

This is not the standard for giving a medical opinion controlling weight under Social Security regulations and case law. In order for a treating source's opinion to be given controlling weight, it must be well-supported by medically accepted clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). It is readily apparent that the opinions of Drs. Stone and Guernelli are inconsistent with the opinions of the state-agency reviewing physicians, Drs. Hall

---

[4] The plaintiff's contention that the administrative law judge failed to develop the record properly because he restricted his representative's questioning, Itemized Statement at 14, rests on the same basis as his contention that the restriction was an abuse of the administrative law judge's discretion. I reject the derivative argument for the reasons set forth above.

[5] The plaintiff refers to Stacie Kunas, FNP-C, and possibly Alan Bean, M.D., her supervising physician, as individuals who agreed with Dr. Guernelli's conclusions. Itemized Statement at 16-17 & n.13. I am unable to discern who the "post-hearing examining source" who "adopted" Dr. Stone's opinions was.

and Johnson. *Compare* Record at 648-49, 1002-06 *with* 878-85, 941-49. Both of the state-agency reviews are dated after the alleged date of onset, while that of Dr. Stone is dated well before that date, as I have already noted.

These circumstances are sufficient to refute any contention that the findings of Drs. Stone and Guernelli are entitled to controlling weight.

The plaintiff also argues that the administrative law judge could not rely on the opinions of Dr. Hall, because his report does not mention the diagnosis of fibromyalgia. Itemized Statement at 18-19. He says nothing about the opinion of Dr. Johnson. The commissioner responds that "Dr. Hall extensively considered [the] plaintiff's pain allegations and explained why they were less than fully credible[.]" Opposition at 18. Because the primary symptom of fibromyalgia is widespread pain, she contends, Dr. Hall dealt adequately with the symptom without specifically mentioning the diagnosis. *Id*.

The plaintiff contends that Dr. Hall's failure to mention the diagnosis of fibromyalgia is not harmless "because proper adoption of the treating and examining medical source opinions and consideration of all the severe impairments would have led to an RFC that resulted in a finding that the Plaintiff was disabled, evidence by vocational expert testimony during the third hearing that there would be no available work when given a hypothetical based on the limitations described by Dr. Stone's Treating Source Statement." Itemized Statement at 18-19. This argument actually says nothing about the effect of the absence of acknowledgment of the diagnosis of fibromyalgia from Dr. Hall's report.

On the showing made, the plaintiff is not entitled to relief on this basis.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 27th day of December, 2013.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
